# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

HENRY HERNANDEZ,

    Petitioner,

vs.                                         CIVIL ACTION NO.: CV514-080

TRACY JOHNS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Henry Hernandez Hernandez ("Hernandez"), who is currently incarcerated at the D. Ray James Correctional Facility in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents filed a Response. For the reasons which follow, Hernandez's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Hernandez was sentenced on October 14, 2004, in federal court to a 188 month sentence based on his conviction for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841. Hernandez's projected release date is September 7, 2017, via good conduct time. (Doc. No. 8-2, p. 3). Hernandez's federal sentence was ordered to run concurrently with his undischarged State of New York sentence. (Id. at p. 7). Hernandez was sentenced in the State of New York on January 24, 2003, to 42 months' imprisonment, and he began serving that sentence on February 20, 2003. (Doc. No. 8, p. 7).

In this petition, Hernandez challenges his release date and his miscalculated sentence. Based on the attachments to his petition, Hernandez seeks to have the entirety of April 30, 2002, through December 21, 2003, credited against his federal sentence. (Doc. No. 1, p. 13).

Respondent contends that Hernandez failed to exhaust his administrative remedies properly. Respondent also contends that Hernandez has received all of the credit against his federal sentence to which he is entitled.

## DISCUSSION AND CITATION TO AUTHORITY

I. **Exhaustion**

"[P]risoners seeking habeas relief, including relief pursuant to [28 U.S.C.] § 2241," must exhaust all available administrative remedies. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). If a petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Hernandez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.'" Id. (quoting Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)).

In Porter v. Nussle, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. 534 U.S. 516, 523 (2002). The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 548 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively

AO 72A
(Rev. 8/82)

without imposing some orderly structure on the course of its proceedings." Id. at 90-91.[1] In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Inmates at D. Ray James must exhaust administrative remedies, beginning their grievance process locally with the Warden by using the contractor's grievance procedures.[2] (Doc. No. 8, p. 4). This involves an attempt at informal resolution, which, if unsuccessful, is followed by a formal complaint via a Step 1 administrative remedy form. (Id.). If the inmate is not satisfied with the resolution of the formal complaint, the inmate may appeal to the BOP's Administrator of the Privatization Management Branch, so long as the appeal involves BOP related matters.[3] (Id. at p. 5). If the inmate is not satisfied with the Privatization Administrator's response, the inmate may make a final appeal to the BOP's Office of General Counsel. (Id.). If an inmate files an administrative remedy concerning a BOP related matter, the administrative remedies

---

[1] Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits." Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted). Thus, exhaustion requirements are applicable to habeas petitions.

[2] The BOP contracts with GEO Group, Inc., to house low security criminal alien inmates at D. Ray James Correctional Institution. Williams v. D. Ray James Correctional Facility, CV514-26, Doc. No. 10, p. 2 (S.D. Ga.).

[3] Examples of BOP related matters which must be appealed through the BOP are: sentence computations, reduction in sentences, removal or disallowance of good conduct time, participation in certain programs, and an inmate's eligibility for early release upon successful completion of the RDAP. (See Case Number CV511-69, Doc. No. 8, p. 3, n.4).

3

will be recorded in the BOP's SENTRY computer database. Pichardo v. United States of America, (Case Number CV511-69, Doc. No. 8, p. 3).

The issues raised in Hernandez's petition involve BOP related matters. (See, n.3). Hernandez filed a BOP administrative remedy during his incarceration at D. Ray James Correctional Facility concerning the issues raised in his petition. (Doc. No. 8-3, p. 6). Hernandez then filed an appeal with the Privatization Management Branch, which was denied on July 7, 2014. (Id.). Hernandez filed an appeal with the Office of General Counsel, which was rejected on September 30, 2014, because Hernandez failed to submit the appeal in the proper format. (Id. at p. 7; Doc. No. 8-4, p. 8). Hernandez was informed that he could resubmit his appeal within fifteen (15) days, and he did not do so. (Doc. No. 8-3, p. 7).

A petitioner is required to exhaust all available administrative remedies before filing a cause of action in federal court. Winck, 327 F.3d at 1300 n.1 (citing Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)). Because Hernandez did not fully and properly exhaust his administrative remedies prior to bringing this petition, he has not exhausted his available administrative remedies regarding the issue raised in his petition. As Hernandez has not exhausted his available administrative remedies, the Court lacks subject matter jurisdiction to consider the merits of his petition.

II. **Credit**

Even if Hernandez had exhausted his administrative remedies properly before he filed his cause of action, he is not entitled to his requested relief. It is the duty of the United States Attorney General, acting through the Bureau of Prisons ("BOP"), to determine the amount of credit due for the time served by the defendant prior to

AO 72A
(Rev. 8/82)

sentencing. United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010). 18 U.S.C. § 3585, which deals with "credit for prior custody," is controlling for making credit determinations for sentences imposed under the Sentencing Reform Act of 1984. This statute provides:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit of Prior Custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added). In determining the proper credit, a two-part analysis is helpful. First, it must be determined when the sentence commenced. A sentence "'cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). Here, Hernandez's federal sentence began on October 14, 2004, the date his federal sentence was imposed and ordered to run concurrently with his state sentence. Next, it must be determined what credit is due for time served prior to the commencement of Hernandez's federal sentence.

The court must begin with the plain language of the statute itself. Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) (en banc) ("We begin our construction of [a statutory provision] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision."). Section 3585(b) clearly states that, in some circumstances, a defendant is entitled to credit for time served prior to sentence commencement *unless* that time has been credited against another sentence.

Hernandez was sentenced in federal court on October 14, 2004, (doc. no. 8, p. 7), and he was released on parole from New York on April 20, 2005. (Id.; Doc. No. 8-2, p. 34). The federal court ordered that Hernandez's federal sentence run concurrently with his New York state sentence. (Doc. No. 8-2, p. 7). Because Hernandez's federal sentence was ordered to run concurrently with his state sentence, it must be determined whether Hernandez is entitled to prior custody credit toward his federal sentence pursuant to Willis v. United States, 438 F.2d 923 (5th Cir. 1974), also known as the Willis doctrine.

The Willis doctrine provides an exception to the "double credit" rule "when an inmate is serving concurrent federal and state terms with a state full-term date that is equal to or less than the federal full-term date. When this exception applies, an inmate is entitled to receive Willis credit toward his federal sentence for all pre-sentence, non-federal custody that occurs on or after the date of the federal offense until the date that the first sentence (state or federal) begins." Edison v. Berkebile, 349 F. App'x 953, 956 (5th Cir. 2009); Program Statement 5880.28.

AO 72A
(Rev. 8/82)

Hernandez was arrested on federal charges on January 21, 2000, and he escaped custody that same date. (Doc. No. 8, p. 6). Hernandez was arrested in Nassau County, New York, on April 20, 2002. (Doc. No. 8-2, p. 27). Hernandez was sentenced in New York state court to 42 months' imprisonment on January 24, 2003. (Id.). Hernandez began serving his state court sentence on February 20, 2003. (Id. at p. 30). To be entitled to "qualified state presentence time", the inmate's federal and non-federal terms are concurrent and the non-federal raw full term date is equal to or less than the federal raw full term date.[4] "Prior custody credit shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence begins to run, federal or non-federal." (Doc. No. 8-2, p. 62).

The BOP gave Hernandez credit toward his federal sentence from April 20, 2002, through February 19, 2003, which are, respectively, the date Hernandez was arrested in New York and the date before Hernandez began serving his state court sentence because this time period was deemed to be "qualified state presentence time" under Willis. (Id. at p. 67).[5] As noted above, Hernandez's state sentence (i.e., his non-federal sentence) commenced on February 20, 2003. Hernandez's federal sentence was imposed on October 14, 2004, and his federal sentence was ordered to run concurrently with his state sentence. The raw full term date on Hernandez's non-federal sentence was August 19, 2006, and the raw full term date for his federal sentence is June 13,

---

[4] The raw full term date for both federal and non-federal sentences "is determined by adding the total length of the sentence to be served to the beginning date of the sentence resulting in a full term date of sentence . . . that does not include any time credit, e.g., presentence or prior custody time or good time." (Doc. No. 8-2, p. 59).

[5] Hernandez does not appear to seek credit against his federal sentence for the time period he was borrowed by the federal government pursuant to a writ of habeas corpus *ad prosequendum*, which was from February 24, 2004, through January 27, 2005.

AO 72A
(Rev. 8/82)

2020. (Doc. No. 8-2, p. 67). The BOP also gave Hernandez credit for the date he was arrested by federal agents in Florida (January 21, 2000), which led to the charges for which he was convicted in federal court. However, Hernandez is not entitled to credit against his federal sentence from February 20, 2003, until December 21, 2003, the dates Hernandez claims have not been credited properly against his federal sentence, because that time period was credited against his state sentence. (Doc. No. 8-1, p. 9). Hernandez was only entitled to credit against his federal sentence for the non-federal custody which occurred after the date of his federal offense until the date his state sentence began, which was February 20, 2003. See 18 U.S.C. § 3585(b) and Edison, 349 F. App'x at 956.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Hernandez's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED** based on his failure to exhaust his administrative remedies properly. In the alternative, Hernandez's petition should be **DENIED** based on the relative merits of his claims.

**SO REPORTED** and **RECOMMENDED**, this 15th day of January, 2015.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)